Edel **NAUN–ZUNIGA**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General,** Respondent.

No. 10–71882.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2013.*

Filed July 31, 2013.

Edel Naun–Zuniga, San Francisco, CA, pro se.

Catherine B. Bye, Trial, Derek C. Julius, Deitz P. Lefort, Trial, Judith Roberta O'Sullivan, Esquire, Trial, Oil, U.S. De-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Edel Naun–Zuniga, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Naun–Zuniga failed to establish past persecution or an objectively reasonable fear of future persecution on account of a protected ground, because he did not demonstrate that his attacker was or would be motivated by more than a desire to prevent Naun–Zuniga from avenging his brother's death. *See Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001) (personal retribution is not persecution on account of a protected ground). Accordingly,

Naun–Zuniga's asylum and withholding of removal claims fail.

Further, substantial evidence supports the agency's denial of CAT protection because Naun–Zuniga failed to demonstrate that he will more likely than not be tortured if he returns to Honduras or that the feared torture would be conducted with the acquiescence of a public official. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).